# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **ELBERT SMITH,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:17CV00215 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **DENNIS COLLINS, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |
| | ) | |

*Elbert Smith, Pro Se Plaintiff.*

The plaintiff, Elbert Smith, a Virginia inmate proceeding pro se, filed this prisoner civil rights action under 42 U.S.C. § 1983, complaining that he is confined in long-term segregated confinement in violation of his constitutional rights. He now moves for a preliminary injunction. I find that his motion must be denied.

I.

Smith filed his § 1983 Complaint while confined at Wallens Ridge State Prison ("Wallens Ridge") in segregated confinement, naming Wallens Ridge officials as defendants. His present motion for interlocutory relief, signed and dated on November 7, 2017, alleges that on October 27, 2017, "the defendants retaliated against [him] by moving [him] . . . to Red Onion State Prison ["Red Onion"] due to the lawsuit he filed against them." Mot. Inj. 1, ECF No. 23. Smith

reports that before he left Wallens Ridge, defendant Dennis Collins ("Dennis") told him that "his brother will take care of him when he get[s] to the Onion." *Id.* Officials at Red Onion allegedly informed Smith upon his arrival that his status on the Segregation Step-Down Program had been backtracked from Special Management 2 ("SM-2") to SM-0, eliminating "all his earned privileges." *Id.* Dennis' brother Larry Collins ("Larry") allegedly told Smith at Red Onion that "he was taking all his privileges, until [Smith] dropped the lawsuit against [Larry's] brother" and that "life is going to be real hard for [Smith]" at Red Onion. *Id.*

Smith also claims that Larry threatened to raise his security level and to refuse him any progress in the Step-Down Program. When Smith asked Larry about his "special diet," Larry allegedly threatened in late October and again on November 3 that "the only special diet [Smith] will be receiving is a tray filled with shit and piss, until he dropped the lawsuit." *Id.* at 2. Smith's motion states that he "will not be eating for the remainder of the time he's [at Red Onion] because he don't trust nobody" and that by the time the court receives his motion, he "should be on 'hunger strike protocol.'" *Id.* He also alleges that Larry "threatened his life" on November 3. *Id.* Aff. Facts 1, ECF No. 23-2.

As relief in his motion, Smith asks the court to order his transfer to a Security Level 3 prison. He states that without the requested relief, he will continue to suffer "a complete loss of appetite, despair, depression, paranoia,

insomnia, hallucinations, thoughts of suicide, and confusion." Mot. Inj. 2, ECF No. 23.

Two days after the court received and docketed Smith's motion on November 15, 2017, the defendants filed their Motion for Summary Judgment. Their evidence is that until recently, segregation inmates classified as Level S (like Smith) could participate in a modified version of the Step-Down Program while at Wallens Ridge. On October 27, however, all such inmates, including Smith, were transferred from Wallens Ridge to accommodate unrelated program changes at that facility so they could continue the Step-Down Program at Red Onion. Defendants' evidence is that Smith was classified as SM-0 while still at Wallens Ridge because he had received poor ratings on the personal hygiene goals of the program, based on his refusal to comply with grooming standards. "Effective November 3, 2017, Smith was advanced to SM-2 status." Mem. Supp. Mot. Summ. J., Mathena Aff. ¶ 14, ECF No. 27-1. "Presently, Smith's progression through the Step-Down Program will not be affected by his refusal to comply" with grooming standards on the basis of his religious beliefs. *Id.* at ¶ 15.

II.

As a general rule, an inmate's transfer or release from a particular prison moots his claims for injunctive relief with respect to his incarceration there. *See Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007); *see also Williams v.*

*Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer rendered moot a prisoner's claims for injunctive and declaratory relief). Because Smith is no longer confined under the authority of the Wallens Ridge defendants in this action, I must deny as moot his pending motion seeking preliminary injunctive relief against those defendants.

In any event, he has not demonstrated grounds warranting such relief from anyone. Because preliminary injunctive relief is an extraordinary remedy, the party seeking such relief must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Smith fails to allege facts in support of his conclusory contention that his transfer and reduction to SM-0 were retaliation for his lawsuit. *See Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (requiring more than conclusory allegations of retaliation to state § 1983 claim). Moreover, the defendants' evidence establishes that Smith was transferred along with all other Step-Down program inmates for reasons entirely unrelated to his lawsuit and was returned to SM-2 within days of that transfer. Thus, I find that Smith is not likely to succeed on the merits of his retaliation claim so as to warrant the interlocutory relief he seeks.

I also find that Smith's stated fears for his safety based on the alleged threats by the Collins brothers do not support his request for an injunction. To the extent that a plaintiff alleges that a defendant threatened him, but fails to allege that such a defendant took steps to carry out the threat, that plaintiff fails to state a § 1983 claim. *See, e.g., Wilson v. McKellar*, 254 F. App'x 960, 961 (4th Cir. 2007) (unpublished). Smith does not allege that anyone served him inedible food at Red Onion as Larry allegedly threatened to do, that Smith actually stopped eating meals there as he threatened in his motion, or that Larry made or took action toward carrying out any other specific and credible threat to harm him. Accordingly, I find that Smith is not likely to succeed on the merits of his safety claim so as to warrant the interlocutory relief he seeks.

For the reasons stated, it is **ORDERED** that the plaintiff's motion seeking preliminary injunctive relief (ECF No. 23) is DENIED.[1]

ENTER: November 27, 2017

/s/ James P. Jones  
United States District Judge

---

[1] Because the allegations in the motion do not concern actions by the defendants named in the Complaint, I will not construe the motion as a proposed amendment to this lawsuit.